# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# WESTERN DIVISION

| | |
|---|---|
| Esther H., | ) |
|     *Plaintiff*, | ) |
| | ) Case No. 18 CV 50052 |
| v. | ) |
| | ) Magistrate Judge Lisa A. Jensen |
| Andrew Marshall Saul, | ) |
| Commissioner of Social Security, | ) |
| | ) |
|     *Defendant*. | ) |

## **MEMORANDUM OPINION AND ORDER**

Plaintiff Esther H. brings this action under 42 U.S.C. § 405(g) seeking a remand of the decision denying her social security benefits. The parties have consented to the jurisdiction of a United States Magistrate Judge for all proceedings pursuant to 28 U.S.C. § 636(c). For the reasons set forth below, the Commissioner's decision is reversed, and this case is remanded.

### **I. Background**[1]

On January 5, 2014, Plaintiff filed an application for disability insurance benefits. Plaintiff alleged a disability beginning on March 15, 2011, because of diabetes, migraines, fibromyalgia, knee pain, back injury, neck pain, tendinitis in the right arm, high blood pressure, irregular heartbeat, and depression. R. 161. Plaintiff reported that she stopped working on her alleged onset date due to her conditions. R. 161.

On July 27, 2016, Plaintiff, represented by an attorney, testified at a hearing before an Administrative Law Judge ("ALJ"). Plaintiff was then 63 years old. Plaintiff testified that she could no longer work because she was always in pain. R. 49. She could stand for only 15 to 20

---

[1] The following facts are only an overview of the medical evidence provided in the administrative record.

minutes at a time before she needed to sit down and rest for 15 to 20 minutes. R. 49. Plaintiff could sit for a couple of hours at a time before the pain in her leg would require her to lie down for 20 minutes. R. 49–50.

Following Plaintiff's back surgery in July 2014, Plaintiff felt better at first but within the year her back issues returned. R. 50–51. Plaintiff testified to memory issues and the need to write things down. R. 56. Plaintiff took medication for depression, which was prescribed by her primary care physician. R. 55. Plaintiff was not seeing a counselor, noting that counseling was expensive. R. 55. Plaintiff also testified that her diabetes was not well controlled even with her medications. R. 57–58.

As for Plaintiff's work history, she was a dispatcher for 23 years. R. 43. The VE classified this job as skilled work with a specific vocational preparation ("SVP") of 5.[2] R. 60. Plaintiff testified that she left that job because she was eligible to retire and noticed her cognitive skills starting to decline. R. 43, 46. Plaintiff explained that it was nothing "life threatening, but to me, you can't have any kind of errors. You're responsible for lives." R. 46. Plaintiff was never disciplined for any errors. R. 47.

For the next four years, Plaintiff worked as a medical assistant. R. 41. Although the VE classified this job as skilled work with an SVP of 6, Plaintiff was not concerned about her cognitive decline because the doctor was in the room with her while she worked. R. 47, 60. In 2011, Plaintiff stopped working as a medical assistant because she was on her feet most of the day and worked long hours. R. 41.

---

[2] "SVP ratings describe the amount of time necessary to acquire the skills necessary to do a specific job at an average performance level. SVP is rated on a 1-9 scale and the higher the rating, the more time it takes to develop the skills necessary for a given job." *Lillquist v. Astrue*, No. 12 C 10206, 2015 U.S. Dist. LEXIS 37432, at *11 n.1 (N.D. Ill. Mar. 25, 2015). "[S]emi-skilled work corresponds to an SVP of 3-4; and skilled work corresponds to an SVP of 5-9 in the DOT." Social Security Ruling 00-4p, 2000 SSR LEXIS 8, at *8.

The ALJ also heard testimony from Linda Gels, a vocational expert ("VE"). The VE identified Plaintiff's past work as a dispatcher, Dictionary of Occupational Titles ("DOT") 379.362-018, as skilled work and sedentary, but light as performed by Plaintiff. R. 60. The VE testified that a person with Plaintiff's RFC would be able to perform the dispatcher job as generally performed, namely sedentary. R. 61–62. However, the VE testified that if Plaintiff were limited to simple, routine, and repetitive tasks, she would not be able to perform work as a dispatcher. R. 63. The VE also testified that there was no tolerance for errors that would put a person or situation in jeopardy. R. 64.

The ALJ ultimately denied Plaintiff's request for benefits. The ALJ found that Plaintiff had the following severe impairments: fibromyalgia, hypertension, degenerative disc disease, left knee osteoarthritis, diabetes mellitus, and obesity. R. 17. The ALJ determined that Plaintiff's impairments did not meet or medically equal a listed impairment. R. 20. The ALJ concluded that through March 31, 2015, the date last insured, Plaintiff had the residual functional capacity ("RFC") to perform sedentary work with certain restrictions. R. 21. The ALJ also determined that Plaintiff could perform her past relevant work as a dispatcher as generally performed. R. 27.

## II. Standard of Review

A reviewing court may enter judgment "affirming, modifying, or reversing the decision of the [Commissioner], with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g). If supported by substantial evidence, the Commissioner's factual findings are conclusive. *Id.* Substantial evidence consists of "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019). Accordingly, the reviewing court is not to "reweigh evidence, resolve conflicts, decide

3

questions of credibility, or substitute [its] judgment for that of the Commissioner." *Burmester v. Berryhill*, 920 F.3d 507, 510 (7th Cir. 2019).

However, the Seventh Circuit has emphasized that review is not merely a rubber stamp. *Scott v. Barnhart*, 297 F.3d 589, 593 (7th Cir. 2002) (a "mere scintilla" is not substantial evidence). A reviewing court must conduct a critical review of the evidence before affirming the Commissioner's decision. *Eichstadt v. Astrue*, 534 F.3d 663, 665 (7th Cir. 2008). Even when adequate record evidence exists to support the Commissioner's decision, the decision will not be affirmed if the Commissioner does not build an accurate and logical bridge from the evidence to the conclusion. *Berger v. Astrue*, 516 F.3d 539, 544 (7th Cir. 2008). Moreover, federal courts cannot build a logical bridge on behalf of the ALJ. *See Mason v. Colvin*, No. 13 C 2993, 2014 U.S. Dist. LEXIS 152938, at *19-20 (N.D. Ill. Oct. 29, 2014).

### III. Discussion

Plaintiff argues that remand is required because the ALJ failed to properly consider her mental limitations, evaluate her ability to perform her past relevant work, and evaluate her subjective symptoms. Although Plaintiff's medical records and testimony at the hearing focused on Plaintiff's physical limitations, on appeal, Plaintiff mainly takes issue with the ALJ's cursory dismissal of her mental limitations. Plaintiff faults the ALJ for not crediting all of Plaintiff's alleged mental limitations and for failing to incorporate into the RFC the mental limitations that the ALJ did find.[3] The Court agrees that a remand is necessary for the ALJ to properly assess

---

[3] As the Commissioner points out, Plaintiff does not challenge the ALJ's determination that Plaintiff's depression was not severe. Plaintiff also does not challenge the ALJ's decision not to request a psychological consultative examination. *See* R. 26. The ALJ determined in July 2016 that a current psychological examination would not be instructive on Plaintiff's mental functional capacity as of the date last insured, March 31, 2015, or the alleged onset date, March 15, 2011. R. 26. Accordingly, the Court will not address those findings.

4

Plaintiff's mental limitations and her ability to perform her past work as a dispatcher in light of any mental limitations.

A claimant's RFC is the maximum work she can perform on a sustained basis despite functional limitations caused by medically determinable impairments and any related symptoms. 20 C.F.R. § 404.1545; Social Security Ruling 96-8p, 1996 LEXIS 5, at *1-2. "In determining an individual's RFC, the ALJ must evaluate all limitations that arise from medically determinable impairments, even those that are not severe[.]" *Villano v. Astrue*, 556 F.3d 558, 563 (7th Cir. 2009). "This includes any deficiencies the claimant may have in concentration, persistence, or pace." *Yurt v. Colvin*, 758 F.3d 850, 857 (7th Cir. 2014).

Here, the ALJ determined that Plaintiff's depression was a non-severe mental impairment that nevertheless resulted in mild limitations in concentration, persistence, or pace. R. 19–20. The ALJ further determined that Plaintiff had the RFC to perform sedentary work with additional exertional, postural, and environmental restrictions. R. 21. However, the ALJ did not include any mental restrictions in Plaintiff's RFC or in the hypothetical to the VE. *See Yurt*, 758 F.3d at 857 ("[B]oth the hypothetical posed to the VE and the ALJ's RFC assessment must incorporate all of the claimant's limitations supported by the medical record.").

The Commissioner argues that the ALJ properly discredited Plaintiff's cognitive limitations, and therefore, the ALJ was not required to include them in the RFC. The ALJ found that that there were "no objective medical findings in the record to support more than minimal limitations of claimant's ability to perform mental work activities arising from depression." R. 18. The ALJ discredited Plaintiff's complaints of cognitive impairments as unsupported by the medical evidence and her work history. R. 26. The ALJ also found that Plaintiff's depression

5

was controlled with medication and her records showed normal mood and no indication of any mental limitations. R. 18–19.

While it is true that the ALJ's RFC analysis need only discuss functional categories for which she found limitations, what the Commissioner does not acknowledge is that despite discrediting many of Plaintiff's reported mental symptoms, the ALJ explicitly found mild limitation in Plaintiff's concentration, persistence, or pace. R. 20; *see McCulley v. Berryhill*, No. 13 C 6031, 2019 U.S. Dist. LEXIS 46507, at *16 (N.D. Ill. Mar. 20, 2019) ("[I]f an ALJ finds mental impairments at step two, these should then be reflected as limitations in the RFC finding.") (internal quotation marks omitted). "While a mild, or even a moderate, limitation in an area of mental functioning does not *necessarily* prevent an individual from securing gainful employment, [ ] the ALJ must still affirmatively *evaluate* the effect such mild limitations have on the claimant's RFC." *Simon-Leveque v. Colvin*, 229 F. Supp. 3d 778, 787 (N.D. Ill. 2017) (emphasis in original) (internal citation omitted).

The ALJ determined that "the evidence supports finding some, but only mild, limitations in [concentration, persistence, or pace] due to mental health concerns. R. 20. However, the ALJ failed to explain the extent of the limitations, identify the evidence supporting this conclusion, include the mental limitations in the RFC, or otherwise explain why Plaintiff's mild limitations in concentration, persistence, or pace would not prevent her from performing skilled work as a dispatcher. *See Judy D. v. Saul*, No. 17 C 8994, 2019 U.S. Dist. LEXIS 136579, at *13 (N.D. Ill. Aug. 13, 2019) ("[T]he ALJ expressly found that [the plaintiff] suffered a mild limitation in CPP. Once he made this finding, he was required to discuss how or why this limitation factored (or did not factor) into his RFC assessment."). This leaves the Court unable to trace the path of the ALJ's reasoning. *See Muzzarelli v. Astrue*, No. 10 C 7570, 2011 U.S. Dist. LEXIS 133845, at

6

*72 (N.D. Ill. Nov. 18, 2011) ("If the ALJ believed that the mild limitations in [concentrating] did not merit a non-exertional limitation in the RFC, he was obligated to explain that conclusion so that we can follow the basis of his reasoning.").

The Commissioner attempts to fill the gap in the ALJ's reasoning by claiming that the RFC determination was consistent with the state agency consultants' opinions. Although the state agency consultants concluded that Plaintiff retained the ability to perform her past work as a dispatcher despite mild difficulties in maintaining concentration, persistence, or pace, this alone does not save the ALJ's decision. Other than noting that she afforded great weight to the state agency psychological consultants, the ALJ did not specifically address the mental limitations identified. *See McCulley*, 2019 U.S. Dist. LEXIS 46507, at *18 ("That the ALJ discussed and discounted [the plaintiff's] testimony as to the limiting effects of her depression as such in his RFC finding does not excuse him from specifically addressing the particular limitation he himself found at step two"). Furthermore, the reviewing psychologists offered little explanation for their determination and appeared unclear as to the job duties and skill level required of Plaintiff's past work as a dispatcher.[4]

Therefore, it is unclear from the ALJ's decision how she attempted to account for Plaintiff's mild difficulties in concentration, persistence, or pace in the RFC. Without an adequate explanation, the Court is left to question whether the ALJ considered Plaintiff's mental limitations and ultimately determined that Plaintiff was able to perform her past skilled work or

---

[4] In May 2014, the state agency consultants determined that Plaintiff could perform her past work as an emergency dispatcher as actually performed. R. 77. The opinion did not identify the DOT code for the position or the exertional level as actually performed. In January 2015, the state agency reviewers determined that Plaintiff could perform her past work as a police radio dispatcher as generally performed. R. 98. The DOT code identified, DOT 379.362.010, was different than the one relied upon by the VE at the hearing, namely DOT 379.362-018, and included a lower skill level with an SVP of 4 instead of an SVP of 5.

whether she ignored the limitations altogether. This is particularly important where no mental limitations were included in the hypothetical to the VE. The only reference included a restriction, which the ALJ did not ultimately adopt, for "simple, routine, and repetitive tasks." R. 63. The Seventh Circuit has often found such restrictions insufficient to account for limitations in concentration, persistence, or pace. *See Winsted v. Berryhill*, 923 F.3d 472, 477 (7th Cir. 2019). Nevertheless, the VE testified that a hypothetical claimant limited to simple tasks would be unable to work as a dispatcher. R. 63. Additionally, the VE testified that there was no tolerance for errors that would put a person or situation in jeopardy. R. 64. Therefore, if these questions to the VE were the ALJ's attempt to account for Plaintiff's mental limitations, she must explain her reasoning in the RFC assessment.

On remand, the ALJ shall explicitly address all of Plaintiff's medically supported limitations in both the RFC and in the hypothetical to the VE to determine whether Plaintiff can perform her past work as a dispatcher or if there are other jobs that exist in significant numbers that Plaintiff can perform. In light of this Court's remand, it need not address the remainder of Plaintiff's arguments as they are intertwined with the ALJ's RFC assessment, which will be reevaluated and further explained on remand. Accordingly, the issues raised by Plaintiff should also be addressed on remand to allow the ALJ to fully explain her conclusions. For example, just as with Plaintiff's limitations in concentration, persistence, and pace, the ALJ should explain how she accounted for Plaintiff's mild limitations in social functioning and whether they warranted limitations in the RFC.

Additionally, the ALJ should fully explain her subjective symptoms evaluation. Plaintiff disagrees with the minimal mental limitations found by the ALJ and the ALJ's failure to explain which of Plaintiff's symptoms were or were not consistent with the medical and other evidence.

On remand, Plaintiff should provide the ALJ with all evidence supporting the level of limitations she alleges so that the ALJ may properly evaluate this evidence when making her findings. The ALJ should fully explain her subjective symptoms evaluation and the evidence supporting her decision to discredit Plaintiff's alleged limitations. This Court notes that a mere recitation of Plaintiff's medical records alone is not enough. *See* Social Security Ruling 16-3p, 2016 SSR LEXIS 4, *21 ("We will explain which of an individual's symptoms we found consistent or inconsistent with the evidence in his or her record and how our evaluation of the individual's symptoms led to our conclusions. We will evaluate an individual's symptoms considering all the evidence in his or her record.").

In remanding this case, this Court is not finding that Plaintiff has any specific mental limitations that need to be accounted for in the RFC or that Plaintiff is somehow unable to perform the job duties of a dispatcher. All this Court is requiring on remand is a thorough explanation of the ALJ's conclusions regarding the mental limitations she credited, the reasons for including or not including mental limitations in the RFC, and the effect any mental limitations have on Plaintiff's ability to work either at her past work or in other jobs in the national economy.

### IV. Conclusion

For the reasons stated in this Opinion, Plaintiff's Motion for Summary Judgment [12] is granted, and the Commissioner's Motion [17] is denied. The decision of the Commissioner is reversed, and the case is remanded for further consideration.

Date: October 31, 2019   By: *Lisa A. J.*
Lisa A. Jensen
United States Magistrate Judge